44

**Charles M. PILUSO, Plaintiff–Appellant,**

v.

**SIEMENS INFORMATION AND COM-MUNICATION NETWORKS, INC., Defendant–Appellee.**

**Docket No. 04–6561.**

United States Court of Appeals, Second Circuit.

Sept. 21, 2005.

Jonathan K. Cooperman (Alison L. MacGregor), Kelley Drye & Warren, New York, NY, for Appellant, of counsel.

Gregory L. Diskant (Erik Haas), Patterson Belknap Webb & Tyler, New York, NY, for Appellee, of counsel.

Present: MESKILL, CABRANES, Circuit Judges, and NEVAS,* District Judge.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and hereby is AFFIRMED.

On April 5, 2002, pursuant to the District Court's diversity jurisdiction, 28 U.S.C. § 1332, plaintiff Charles M. Piluso initiated this action alleging that defendant Siemens Information and Communication Networks, Inc. fraudulently induced him to invest millions of dollars into North American Telecommunications Corporation ("Natelco"). Plaintiff was, at all relevant times, the majority shareholder of Natelco. In 1997, plaintiff allegedly began accepting suppliers' proposals for telecommunications equipment that Natelco needed in order to operate as a facilities-based competitive local exchange carrier. Defendant was one such supplier. Plaintiff asserts

* The Honorable Alan H. Nevas, United States District Judge for the District of Connecticut, sitting by designation.

that, on the basis of defendant's representations about the capabilities of its equipment and software, he invested millions into Natelco. These investments were subsequently lost when Natelco "was forced into bankruptcy," allegedly due to defendant's "failures in performing on its promises to Natelco." In addition to damages related to his investments, plaintiff sought "further damages" for injuries to his reputation, but later stipulated to the withdrawal of this claim pursuant to Fed. R.Civ.P. 41(a)(1).

In a Memorandum and Order dated February 27, 2004, the District Court granted partial summary judgment in defendant's favor, dismissing all of plaintiff's claims except those based "upon injury to his reputation." The Court relied principally on the well-established rule of New York law "that where an injury is suffered by a corporation and the shareholders suffer solely through depreciation in the value of their stock, *only* the corporation itself, its receiver, if one has been appointed, or a stockholder suing derivatively in the name of the corporation may maintain an action against the wrongdoer." *Vincel v. White Motor Corp.*, 521 F.2d 1113, 1118 (2d Cir.1975) (emphasis added). Plaintiff, by contrast, is pursuing this action in his personal capacity. While there are certain narrow exceptions to the New York rule barring such suits, *see id.*, the District Court found none applicable to plaintiff's claim. The District Court thus concluded that plaintiff "possesses no standing to assert claims based upon the diminution of the Natelco investment."

Plaintiff moved for reconsideration, which was denied by the District Court in a Memorandum and Order dated June 3, 2004. After restating the substance of its February 27, 2004, decision, the Court held, in the alternative, that "assuming arguendo that Plaintiff possesses standing to pursue a personal claim, which he does

not, ... he has incurred no cognizable damages under New York State law."

On appeal, plaintiff challenges the District Court's conclusions that he (1) lacked standing to pursue his claim for lost investments; and (2) did not incur cognizable damages.

We have carefully considered plaintiff's arguments, and we find each of them to be without merit. Substantially for the reasons stated in the District Courts Memoranda and Orders of February 27 and June 3, 2004, plaintiff cannot personally pursue his claim for lost investments in Natelco. We therefore need not review the District Court's alternative holding with respect to damages incurred by plaintiff.

Accordingly, the judgment of the District Court is hereby **AFFIRMED.**